# FAMULUS HEALTH LLC'S MEMORANDUM IN SUPPORT OF APPLICATION TO MODIFY OR CORRECT ARBITRATION AWARD

**(Subject to Motion to Seal)**

# EXHIBIT A

# (Subject to Motion to Seal)

# EXHIBIT B

# (Subject to Motion to Seal)

# EXHIBIT C

# (Subject to Motion to Seal)

# EXHIBIT D

**(Subject to Motion to Seal)**

# EXHIBIT E

**(Subject to Motion to Seal)**

# EXHIBIT F

**(Subject to Motion to Seal)**

# EXHIBIT G

**(Subject to Motion to Seal)**

# EXHIBIT H

# (Subject to Motion to Seal)

# IN THE MATTER OF ARBITRATION
# AMERICAN ARBITRATION ASSOCIATION

|  |  |
|---|---|
| GoodRx, Inc., <br><br>     Claimant, <br><br> v. <br><br> Famulus Health LLC, <br><br>     Respondent. | AAA Case # 01-23-000-5919 |

## CONSENT PROTECTIVE ORDER

With the consent of the Claimant and the Respondent in the above-captioned case, the Arbitrator orders that the following Consent Protective Order shall govern any record of information in this Arbitration and designated pursuant to this Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, all documents produced, and other discovery materials (including interrogatory answers, admissions and witness statements, if applicable), which contain confidential, proprietary, or sensitive information.

    1.    The following definitions shall apply to this Order:

        a.    "Parties" shall mean and refer to Claimant and Respondent in the case.

            "Party" shall mean and refer to a Claimant or a Respondent, individually.

        b.    "Counsel" shall mean any attorney representing a Party in the case.

        c.    "Qualified Person(s)" shall mean and refer to:

            i.    Outside Counsel that have appeared for a Party in the case and regular and temporary employees of such Counsel assisting in the prosecution or defense of the cases, including employees of any firm retained to

\v

reproduce the Confidential Discovery Material for use in accordance with this Order;

ii. In-house Counsel for a Party;

iii. Outside experts or consultants retained by the Parties to assist in the litigation of the case, including consulting or testifying experts, upon signature of the Agreement to be Bound (Exhibit B);

iv. Employees of any Party that Counsel, in good faith, deems necessary to participate in the conduct of the case;

v. Directors, officers, and employees of Parties who are noticed for depositions or designated as trial witnesses in the case and other persons who Counsel for a Party believes, in good faith, may be fact or expert witnesses either at deposition or at trial, to the extent deemed necessary by Counsel, for the witnesses' preparation for testimony;

vi. Deponents, and their Counsel, during the course of depositions taken in the case;

vii. The Arbitrator, and any of her respective staff, administrative personnel, and court reporters, and any essential personnel retained by the Arbitrator, the American Arbitration Association, or the Parties in connection with the Arbitration; and

viii. Any individual, including a witness or deponent,

(a) who is indicated on the face of the document or thing as an author or recipient of the document or thing;

(b) who has been identified, through discovery or otherwise (including document production, written discovery, or deposition testimony) as having authored or received the document or thing, or otherwise involved in the creation of the document, even if the individual is not identified as an actual author or recipient on the face of the document or thing at issue; or

(c) who is a current employee or agent of the Producing Party.

d. "Confidential Discovery Material" shall mean and refer to material which contains or discloses personal, financial, proprietary or confidential information, protected health information, or other sensitive material.

e. "Outside Counsel/Expert Eyes Only Discovery Material" shall mean and refer to Confidential Discovery Material that the producing Party reasonably believes would result in detriment to the producing Party if disclosed to its competitors, including, but not limited to, technical information, sensitive business information, and competitive technical and business information.

2. Any Party or non-party may designate documents produced as Confidential Discovery Material or Outside Counsel/Expert Eyes Only Discovery Material by marking each page "Confidential" or "Highly Confidential-OCEO". Such designation shall be placed on each page of each document (whether in paper or electronic form), or in some format as to make clear the designation of each individual document. A Party may apply a single designation to the entirety of a document using the highest designation required to address the most sensitive information, even if the entire document does not warrant that designation.

3. Any Party or non-party may designate deposition testimony as Confidential Discovery Material or Outside Counsel/Expert Eyes Only Discovery Material by memorializing the appropriate designation on and in the transcript of the testimony. Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated Outside Counsel/Expert Eyes Only Discovery Material until no later than the 30th day after the transcript is delivered to any party or the witness (such that each party or witness is given 30 days from his or her receipt of the transcript). Within this time period, a party or third party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that have Confidential or Outside Counsel/Expert Eyes Only Discovery Material, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. A party shall have the right to exclude from attendance at any deposition, during such time as Confidential or Outside Counsel/Expert Eyes Only Discovery Material is to be disclosed, any person other than the deponent, Counsel (including their associates and staff), the court reporter, a party or party's representative, and any person permitted to review Confidential or Outside Counsel/Expert Eyes Only Discovery Material.

4. Documents and information designated as "Confidential" shall be used solely for purposes of the prosecution and/or defense of the case and will be disclosed only to Qualified Persons unless specifically authorized by order of the Arbitrator or written consent of the producing Party.

5. Documents and information designated as "Highly Confidential-OCEO" shall be used solely for the purposes of the prosecution and/or defense of the case and will be disclosed only to Qualified Persons described in paragraphs 1(c)(i), (iii), (vii), (viii), and one (1) designated In-House Counsel unless specifically authorized by order of the Arbitrator or written consent of the

producing Party. Nothing in this paragraph is intended, and should not be construed, to permit Counsel to show Outside Counsel/Expert Eyes Only Discovery Material to a deponent who is not an employee or who is not otherwise aligned with the producing Party.

6. The parties shall designate their discovery responses, briefs, memoranda, and all other papers filed with the Arbitrator or sent to opposing counsel as containing Confidential Discovery Material or Outside Counsel/Expert Eyes Only Discovery Material when such papers are filed or disclosed.

7. A Party shall designate information disclosed at a hearing as Confidential Discovery Material or Outside Counsel/Expert Eyes Only Discovery Material by requesting that the Arbitrator, at the time the information is proffered or adduced, receive the information only in the presence of those persons qualified to receive such information, including Arbitrator personnel, and to designate the transcript appropriately. At the hearing, one (1) In-house Counsel may remain present throughout the hearing, regardless of the designation of the material.

8. Before disclosing any Confidential Discovery Material or Outside Counsel/Expert Eyes Only Discovery Material to a Qualified Person, Counsel shall advise each receiving person of the terms of this Order and shall provide the receiving person with a copy of this Order.

9. Counsel who intends to question a deponent concerning previously designated Outside Counsel/Expert Eyes Only Discovery Material or on matters which require reference to previously designated Outside Counsel/Expert Eyes Only Discovery Material shall, prior to beginning such questioning, notify those present of his or her intention to discuss previously designated Outside Counsel/Expert Eyes Only Discovery Material and shall give the producing Party the opportunity to first exclude from the room any person who is not a Qualified Person entitled to receive Outside Counsel/Expert Eyes Only Discovery Material.

10. If any Party objects to the designation of any material as "Confidential" or "Outside Counsel/Expert Eyes Only," the objecting Party shall so notify the producing Party in writing. To preserve its designation, the producing Party, within fifteen (15) days after receipt of any such notice, must apply to the Arbitrator for a ruling that the material objected to shall be treated as Confidential Discovery Material or Attorney/Expert Eyes Only Discovery Material, and notice of such application shall be provided to all other Parties. If no such application is made, the material will cease to be treated as Confidential Discovery Material or as Attorney/Expert Eyes Only Discovery Material. If any application is made, such material shall be treated as Confidential Discovery Material or Attorney/Expert Eyes Only Discovery Material, as applicable, and protected as provided in this Order, until order of the Court to the contrary.

11. In the event that a producing Party inadvertently fails to designate any of its information, it may later designate by notifying the receiving parties in writing. The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation. It shall be understood however, that no person or Party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

12. The Parties agree that if a Party produces or provides discovery that it believes is subject to a claim of attorney-client privilege or attorney work product, the producing Party may give written notice to the receiving Party that the document or thing is subject to a claim of attorney-client privilege or attorney work product and request that the document or thing be either destroyed or returned to the producing Party. The disclosure of the document or thing does not operate either as a waiver of any privilege or protection afforded to work product materials or as a subject matter waiver of any privilege or protection, in this Arbitration or in any other proceeding.

The receiving Party shall return to the producing Party or destroy such document or thing and destroy all copies of the document or thing within its possession within three (3) business days of receiving notice. Return or destruction of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned or destroyed document or thing is, in fact, properly subject to a claim of attorney-client privilege or attorney work product, nor shall it foreclose any party from moving the Arbitrator for an order that such document or thing has been improperly designated or should be produced. If the receiving Party wishes to seek to compel production of the materials, the Party must do so within twenty-one (21) business days of receiving such notification, unless the parties agree otherwise. The producing Party shall retain the privileged material for potential submission to the Arbitrator in the event the receiving Party moves to compel.

13. Within thirty (30) days after the conclusion of the contested case hearing (whether by settlement, dismissal, or final judgment), the Parties shall either:

    a. Return any and all originals, reproductions, summaries or extracts of Confidential Discovery Material or Attorney/Expert Eyes Only Discovery Material to the Counsel for the producing Party or to the non-party and provide written certification to the producing Party such destruction or return; or

    b. Destroy any and all originals, reproductions, summaries, or extracts of Confidential Discovery Material or Attorney/Expert Eyes Only Discovery Material and provide written certification to the producing Party such destruction.

14. Parties and Qualified Persons to whom Confidential Discovery Material or Attorney/Expert Eyes Only Discovery Material is disclosed shall be subject to the jurisdiction of this Arbitration for purposes of enforcing this Order. The Order shall continue to be binding after the conclusion of this contested case hearing, and this Arbitrator expressly reserves jurisdiction over all Parties to whom such Confidential Discovery Material or Attorney/Expert Eyes Only Discovery Material was disclosed for purposes of enforcing the Order.

15. Nothing in this Order prevents any Party from objecting to the production of discovery materials or discovery requests, on any ground, including that the request is objectionable because it seeks the following: privileged information; attorney work product protected information; information that is not relevant; information not within the scope of discovery; or information that constitutes proprietary trade secrets and commercially valuable information.

16. Nothing herein shall prevent any Party from later seeking to modify this Order or from later challenging another Party's designation of any material as Confidential Discovery Material or Attorney/Expert Eyes Only Discovery Material.

17. If any provision of this Order is violated by the Parties or by other persons subject to this Order, remedies for noncompliance will be made available in accordance with AAA Commercial Rules.

AND IT IS SO ORDERED this 18th day of July 2023.

_____
Honorable Elizabeth Ray, Arbitrator

**ATTACHMENT A**
**CERTIFICATION BY COUNSEL OF DESIGNATION**
**OF INFORMATION AS CONFIDENTIAL**

**IN THE MATTER OF ARBITRATION**
**AMERICAN ARBITRATION ASSOCIATION**

| | |
|---|---|
| **GoodRx, Inc.,**  <br>  **Claimant,**  <br>  v.  <br>  **Famulus Health LLC,**  <br>  **Respondent.** | **AAA Case # 01-23-000-5919**  <br><br>  **Certification by Counsel of Designation of Information as Confidential** |

      Documents produced herewith **[whose bates number are listed below (or) which are listed on the attached index]** have been marked as [CONFIDENTIAL/HIGHLY CONFIDENTIAL-OCEO] subject to the Consent Confidentiality and Protective Order ("Order") entered in this action which Order is dated [confidentiality order date].

      By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to projection under the terms of Paragraph 3 of the Order.

Date: [date attachment A signed]　　　　　　　　　[Signature of Counsel [s/name]]
　　　　　　　　　　　　　　　　　　　　　　　　Signature of Counsel

　　　　　　　　　　　　　　　　　　　　　　　　[Printed Name of Counsel [A]]
　　　　　　　　　　　　　　　　　　　　　　　　Printed Name of Counsel

9

Protective order

# ATTACHMENT B
# ACKNOWLEDGMENT OF UNDERSTANDING
# AND
# AGREEMENT TO BE BOUND

# IN THE MATTER OF ARBITRATION
# AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| GoodRx, Inc.,<br><br>   Claimant,<br><br>v.<br><br>Famulus Health LLC,<br><br>   Respondent. | AAA Case # 01-23-000-5919<br><br>**Acknowledgment of Understanding<br>and<br>Agreement to be Bound** |

  The undersigned hereby acknowledges that he or she has read the Consent Confidentiality and Protective Order ("Order") dated [confidentiality order date], in the above-captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of this Court in matters relating to the Order and understands that the terms of said Order obligate him/her to use discovery materials designated [CONFIDENTIAL/HIGHLY CONFIDENTIAL-OCEO] solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

  The undersigned acknowledges that violation of the Order may result in penalties for contempt of court.

  Name:    [undersigned name [att B]]

  Job Title:   [Job Title [ att B]]

  Employer:   [Employer [att B]]

  Business Address: [Business Address [att B]]

Date: [date attachment B signed]    [Signature [attachment B]]
                 Signature