UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Famulus Health, LLC, | ) | |
| | ) | Civil Action No. 2:24-cv-00886-BHH |
| Plaintiff, | ) | Consolidated Action: 9:24-mc-00126- |
| | ) | BHH |
| v. | ) | |
| | ) | **Opinion and Order** |
| GoodRX, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

While the parties' cross-motions to vacate and to confirm the Arbitration Award were pending before this Court, GoodRX filed a motion for temporary restraining order and the appointment of a receiver. (ECF No. 61.) In its motion, GoodRX asks this Court to "exercise its equitable power to appoint a receiver to safeguard Famulus's assets, administer those assets as suitable, and assist the Court in achieving an equitable distribution of those assets **pending a final disposition of these Actions**" and to "enter a temporary restraining order enjoining Famulus from concealing, dissipating, transferring, disposing of, or taking any action that could diminish the value of Famulus's assets **pending the Court's adjudication of GoodRx's motion for the appointment of a receiver**." (ECF No. 61-1 at 7 (emphasis added).)

The Supreme Court has stated that "[a] receivership is only a means to reach some legitimate end sought through the exercise of the power of a court of equity. It is not an end in itself." *Kelleam v. Md. Cas. Co.*, 312 U.S. 377, 381, (1941) (quoting *Gordon v. Washington*, 295 U.S. 30, 37 (1935)). Consequently, "a federal court of equity should not appoint a receiver where the appointment is not a remedy auxiliary to some primary relief

1

which is sought and which equity may appropriately grant." *Id.* (citations omitted); *See also Santibanez v. Wier McMahon & Co*., 105 F.3d 234, 241 (5th Cir. 1997) (quoting 12 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2983 (1973)) (explaining that "receivership may be an appropriate remedy for a judgment creditor [, inter alia,] . . . who otherwise is attempting to have the debtor's property preserved from dissipation until his claim can be satisfied."); *Tucker v. Baker*, 214 F.2d 627, 632 (5th Cir. 1954) (quoting *Gordon v. Washington*, 295 U.S. at 55 (1935)) ("There is no occasion for a court of equity to appoint a receiver of property of which it is asked to make no further disposition."); *Kinnebrew v. La. Ice Co*., 89 F. Supp. 809, 810-11 (W.D. La. 1950) (citations omitted) ("[i]t has been uniformly held that a receiver will not be appointed where in primary relief, such as the adjudication of some substantial right or interest in property, is sought  . . . .").

Here, because the Court has now disposed of the parties' cross-motions (by denying the primary relief sought by Famulus—vacatur of the Arbitration Award—and by granting the primary relief sought by GoodRX—confirmation of the award as modified), the Court denies GoodRX's request for the appointment of a receiver.  *See N.Y. Cmty. Bank v. Sherman Ave. Assocs., LLC*, 786 F. Supp. 2d 171, 176 (D.D.C. 2011) (explaining that a court cannot appoint a receiver "when it is sought as the primary form of relief"). The Court also denies GoodRX's request for a temporary restraining order, as this is no longer the appropriate forum to address the parties' disputes regarding the disposition of Famulus's assets.  Accordingly, GoodRX's motion (ECF No. 61) is **DENIED**, and the Court cancels the hearing scheduled for September 12, 2024.

**IT IS SO ORDERED.**

2

 /s/ Bruce Howe Hendricks
United States District Judge

September 11, 2024
Charleston, South Carolina